Filed 4/21/21  P. v. Stallworth CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C087019 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F07940) |
| v. | |
| LAVELLE STALLWORTH, | |
| Defendant and Appellant. | |

Lavelle Stallworth challenges his commitment as a sexually violent predator (SVP) under the Sexually Violent Predator Act (SVPA).  (Welf. & Inst. Code, § 6600 et seq.)[1]  He argues the trial court erred in admitting some exhibits and failing to redact others.  He also argues his trial counsel provided ineffective assistance in failing to object to evidence contained in the exhibits.  We conclude that only one of Stallworth's many claims of error has merit, but the error was harmless.  Accordingly, we will affirm.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

## I. BACKGROUND

The Sacramento County District Attorney filed a petition to commit Stallworth as an SVP under the SVPA in June 2007. The SVPA allows for the involuntary commitment of certain offenders following the completion of their prison terms if they are found to be SVPs. (§ 6604.) "An alleged SVP is entitled to a jury trial, at which the People must prove three elements beyond a reasonable doubt: (1) the person has suffered a conviction of at least one qualifying 'sexually violent offense,' (2) the person has 'a diagnosed mental disorder that makes the person a danger to the health and safety of others,' and (3) the mental disorder makes it likely the person will engage in future predatory acts of sexually violent criminal behavior if released from custody." (*People v. Yates* (2018) 25 Cal.App.5th 474, 477 (*Yates*).)

Section 6600, subdivision (b) defines "sexually violent offense" as any one of several enumerated offenses, including lewd or lascivious acts involving a child under 14 years of age (Pen. Code, § 288, subd. (a)). The petition here alleged that Stallworth suffered a conviction for lewd and lascivious acts with a minor under the age of 14 years in 1996 (the qualifying conviction) (Pen. Code, § 288).[2]

A jury trial commenced in February 2018. During the trial, the prosecution sought to prove Stallworth's qualifying conviction with the following exhibits: (1) a certified copy of the amended complaint in the underlying criminal action (Exhibit 1), (2) a copy of a probation report prepared in connection with the underlying criminal action (Exhibit 2), (3) a copy of an arrest report prepared in connection with the underlying criminal action (Exhibit 3), (4) a certified copy of an abstract of judgment reflecting the qualifying conviction (Exhibit 4), (5) a copy of the trial court's minutes recording the guilty verdict

---

[2] Stallworth was contemporaneously convicted of attempted lewd and lascivious acts involving a minor under the age of 14 years by force (Pen. Code, §§ 664/288, subd. (b)). That conviction is not alleged in the petition.

2

in the underlying criminal action (Exhibit 5), (6) a certified copy of a "prison packet" from the Department of Corrections (Pen. Code, §969b) (Exhibit 6), (7) a copy of a 1988 felony juvenile adjudication against Stallworth for lewd and lascivious acts involving a child under 14 (Pen. Code, § 288, subd. (a)) (Exhibit 7), (8) a certified copy of a California Law Enforcement Telecommunications System (CLETS) rap sheet showing Stallworth's criminal history (Exhibit 8), and (9) copies of requests for modification of order and orders modifying orders in Stallworth's juvenile proceeding (Exhibit 9).

Stallworth objected to Exhibits 2 through 9 on various grounds, primarily on the grounds that they were hearsay or cumulative.[3] The trial court overruled most of Stallworth's objections and admitted the exhibits, albeit with modifications described *post*.

Dr. Michael Musacco, a clinical psychologist employed by the Department of State Hospitals, testified as an expert on SVPs. Musacco explained that he had been asked to evaluate Stallworth on five separate occasions. Stallworth refused to speak with Musacco, so the evaluation was based on interviews with state hospital clinicians and available medical and legal records.[4] As relevant here, Musacco testified that he reviewed and relied upon Exhibits 2, 3, 6, 7, 8, and 9 in forming his opinions.

Musacco was asked to describe the events giving rise to Stallworth's qualifying conviction. Relying on Exhibits 2 and 3 (the probation and arrest reports), Musacco explained that Stallworth met sisters M. and C., both runaways, at a party in August 1995. Stallworth had sexual intercourse with M., who was then 13 years old. According to Musacco, M. was later "taken down to Hollywood and put into . . . a juvenile prostitution ring." Some time later, Stallworth invited C., age 12, to his sister's house.

---

[3] No objection was made to Exhibit 1, which is not challenged on appeal.

[4] Stallworth was detained at Coalinga State Hospital pending trial.

3

He ordered C. to perform oral sex on him. When she refused, Stallworth struck C. and locked her in a closet. C. eventually escaped and contacted police. Musacco opined that Stallworth's relationships with M. and C. were "clearly predatory."

Musacco also testified that he reviewed records concerning Stallworth's juvenile adjudication.[5] Specifically, Musacco testified that a juvenile wardship petition for lewd and lascivious acts with a child under 14 had been filed against Stallworth in 1988 or 1989. According to Musacco, the petition was sustained, and Stallworth received treatment in connection with the offense.[6] Based on the foregoing, Musacco opined that Stallworth suffers from pedophilic disorder, non-exclusive type.

Musacco further opined, based upon his review of Exhibits 6 and 8 (the prison packet and CLETS rap sheet), that Stallworth suffers from antisocial personality disorder. Musacco explained, "an antisocial personality disorder is defined exclusively by behaviors. There has to be a pattern of lying, stealing, hurting others, committing crimes that exist not just in adulthood, but back prior to the age of 15. That pattern of behaviors needs to interfere with the person's ability to care for their responsibilities, live in a responsible way, maintain relationships, and in Mr. Stallworth's case, he has spent a good portion of his life in and out of jails and prisons and other institutions based on behaviors which fall under this category of an antisocial personality disorder, so in his case I also offered that diagnosis." Referring to the CLETS rap sheet, Musacco elaborated, "In fact, you know, for the antisocial personality disorder, it really is defined by criminal activity, so a rap sheet which contains somebody's criminal record would be an important document to support or rule out the diagnosis of an antisocial personality. In this case,

---

[5] These records were not specifically identified, but appear to have been those contained within Exhibits 7 and 9.

[6] Exhibit 9 (the request for modification of order and order modifying order) indicates that Stallworth completed residential treatment in the juvenile matter.

there is reference to his criminal history going back to 1987, which has numerous entries for the types of crimes that I have discussed previously." Musacco characterized the prison packet as "a quick history of why the person is in prison and where they have gone to in terms of different institutions since they initially arrived in prison," adding, "the chronological history would include data if there is a parole violation."

Dr. Bruce Yanofsky, a clinical and forensic psychologist, evaluated Stallworth on two separate occasions. Yanofksy had no more success speaking with Stallworth than Musacco, so he too relied on interviews with state hospital clinicians and medical and legal records. As relevant here, Yanofksy testified that he reviewed Stallworth's probation report (Exhibit 2), records relating to his juvenile adjudication (presumably, Exhibits 7 and 9), records generated by the California Department of Corrections (presumably, Exhibit 6), and Stallworth's CLETS rap sheet (Exhibit 8). Yanofksy did not testify to the contents of any of these records; however, he opined that Stallworth's relationships with M. and C. were formed "for the sole purpose of victimizing them, so definitely meeting the criteria as a predatory offense." Based on the foregoing, Yanofksy likewise concluded that Stallworth suffers from pedophilic and antisocial personality disorders, and presents a serious and well-founded risk of reoffending.

The prosecutor referred to Exhibits 2 through 9 in closing argument, offering a brief description of each, and inviting the jury to review the exhibits in deliberations. She then offered a summary of Stallworth's criminal history, derived from the exhibits. As relevant here, the prosecutor explained that Stallworth had been arrested in October 1987 for possession of rock cocaine and lewd and lascivious conduct with a child under 14. He was then placed in juvenile wardship from February 1988 through April 1989. He was convicted of vehicle theft in 1989 and felony domestic violence in 1991. He was convicted of the offenses involving M. and C. in 1996. Along the way, he was found to have violated various grants of probation and parole. The prosecutor went on to explain that Stallworth was released on parole in January 2004 after serving 10 years for the

domestic violence and sex offenses. He was returned to custody in April 2004 for violating the terms of his parole and released again in February 2005. He was arrested for possession of a controlled substance in September 2006. It was then, the prosecutor said, that Stallworth was evaluated as an SVP.

Stallworth's trial counsel acknowledged in closing argument that Stallworth has an "awful" and "reprehensible" record. He also acknowledged that the evidence established Stallworth's qualifying conviction and diagnosed mental disorder. He argued, however, that the evidence fell short of establishing that Stallworth was likely to engage in future predatory acts of sexually violent criminal behavior if released from custody. He emphasized that the juvenile adjudication was entered 30 years ago, when Stallworth "was a child himself." He noted that no evidence had been presented that Stallworth had committed any sexual offense in more than 20 years. He observed that, "people change, especially men." He concluded: "What Lavelle Stallworth did and what he was convicted of in his 20s was reprehensible, and I am not discouraging you from looking at the exhibits, but it was 20 years ago, 20-plus years ago. Statistics, science tells you people do change. That's just a fact."

The jury found Stallworth to be an SVP, and the trial court ordered him committed to the State Department of Mental Health for an indeterminate term. This appeal timely followed.

## II. DISCUSSION

Stallworth argues the trial court erred in admitting or failing to redact Exhibits 2 through 9. He challenges several exhibits on multiple grounds, many of which were never raised in the trial court. The People respond that Stallworth's newly asserted objections have been forfeited. We agree with the People. As we shall see, Stallworth has forfeited many of the claims now urged on appeal.

6

*A.      Applicable Evidentiary Principles and Standard of Review*

As a general rule, hearsay evidence—"evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated" (Evid. Code, § 1200, subd. (a))—is inadmissible, except as provided by law (*id.* subd. (b)).  "Documents like reports, criminal records, hospital records, and memoranda—prepared outside the courtroom and offered for the truth of the information they contain—are usually themselves hearsay and may contain multiple levels of hearsay, each of which is inadmissible unless covered by an exception." (*Yates, supra,* 25 Cal.App.5th at p. 482.)

The Legislature has expanded the scope of admissible hearsay evidence in SVP proceedings.  Section 6600, subdivision (a)(3) provides:  "Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but shall not be the sole basis for the determination.  The existence of any prior convictions may be shown with documentary evidence . . . including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of State Hospitals."

Section 6600, subdivision (a)(3) thus creates a broad hearsay exception for documentary evidence to prove the existence and details underlying the commission of the offenses leading to prior convictions and to the defendant's predatory relationship with the victim. (*People v. Otto* (2001) 26 Cal.4th 200, 206-207 [§ 6600, subd. (a)(3) "authorizes the use of hearsay in presentence reports to show the details underlying the commission of the predicate offense"].)  "By permitting the use of presentence reports at the SVP proceeding to show the details of the crime," our Supreme Court has explained, "the Legislature necessarily endorsed the use of multiple-level-hearsay statements that do not otherwise fall into a hearsay exception." (*Id.* at p. 208.)  Portions of otherwise admissible reports containing information that does not pertain to the defendant's

7

qualifying conviction, however, are not made admissible by section 6600, subdivision (a)(3). (*People v. Burroughs* (2016) 6 Cal.App.5th 378, 410-411.)

Another hearsay exception will be relevant here, Evidence Code 1280.[7] Evidence Code section 1280 provides: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: [¶] (a) The writing was made by and within the scope of duty by a public employee. [¶] (b) The writing was made at or near the time of the act, condition, or event. [¶] (c) The sources of information and method and time or preparation were such as to indicate trustworthiness." "A trial court has broad discretion in determining whether a party has established these foundational requirements." (*People v. Martinez* (2000) 22 Cal.4th 106, 120 (*Martinez*).)

"A trial court's ruling on the admissibility of evidence, including one that turns on the hearsay nature of the evidence, is reviewed under the abuse of discretion standard." (*People v. Roa* (2017) 11 Cal.App.5th 428, 442; see also *People v. Waidla* (2000) 22 Cal.4th 690, 725.) We likewise review a trial court's rulings under Evidence Code section 352 for abuse of discretion, meaning we uphold them unless they exceed the bounds of reason. (*People v. Brooks* (2017) 3 Cal.5th 1, 40-41.) Moreover, any error regarding the admission of evidence requires reversal only if "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

B.    *Forfeiture and Ineffective Assistance of Counsel*

"When an objection is made to proposed evidence, the specific ground of the objection must be stated. The appellate court's review of the trial court's admission of

---

[7] Other hearsay exceptions are discussed where relevant in the text.

evidence is then limited to the stated ground for the objection." (*People v. Kennedy* (2005) 36 Cal.4th 595, 612, disapproved of on other grounds by *People v. Williams* (2010) 49 Cal.4th 405, 459; see also Evid. Code, § 353, subd. (a) [a judgment may be reversed for erroneous admission of evidence only if an objection to the evidence or a motion to strike was "timely made and so stated as to make clear the specific ground of the objection or motion"].) "What is important is that the objection fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling. If the court overrules the objection, the objecting party may argue on appeal that the evidence should have been excluded for the reason asserted at trial, but it may not argue on appeal that the court should have excluded the evidence for a reason different from the one stated at trial. A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Partida* (2005) 37 Cal.4th 428, 435 (*Partida*).)

Anticipating forfeiture, Stallworth argues his trial counsel was ineffective for failing to raise many of the objections asserted herein. To establish ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 686-688; *People v. Benavides* (2005) 35 Cal.4th 69, 92-93; *People v. Ledesma* (1987) 43 Cal.3d 171, 215-218.) " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*People v. Ledesma, supra,* at p. 218.)

In reviewing a claim of ineffective assistance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation.] Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To

9

the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." (*People v. Maury* (2003) 30 Cal.4th 342, 389; see also *People v. Hayes* (1990) 52 Cal.3d 577, 621 ["Whether to object to inadmissible evidence is a tactical decision"].)

## C.     Admission of Exhibits 2 Through 9

We now come to the central issues in this appeal, the admissibility of Exhibits 2 through 9, which we take out of order for ease of analysis.  For each of the challenged exhibits, we first identify and resolve any preserved challenges on the merits.  We then identify any forfeited challenges and consider whether they support a claim for ineffective assistance of counsel.  We consider the question of prejudice, if any, in section D, *post*.

### 1.     Exhibit 4

We begin with Exhibit 4, the certified abstract of judgment reflecting Stallworth's convictions for lewd and lascivious acts involving a minor under the age of 14 (the qualifying conviction) and attempted lewd and lascivious acts involving a minor under the age of 14 years by force (Pen. Code, §§ 288, subd. (a) & 664/288, subd. (b)). Stallworth acknowledges the abstract of judgment was admissible under section 6600, subdivision (a)(3), but argues the trial court should have redacted an entry reflecting a conviction by plea for spousal abuse (Pen. Code, § 273.5), and notations regarding his restitution fines, sentence, and custody credits.  Stallworth's trial counsel objected to Exhibit 4 pursuant to Evidence Code section 352, arguing the conviction for spousal abuse was more prejudicial than probative.  Trial counsel made no other specific objections to Exhibit 4.

On appeal, Stallworth argues the notations reflecting his conviction for spousal abuse, restitution fines, sentence, and custody credits should have been redacted as

10

hearsay not covered by the exception set forth in section 6600, subdivision (a)(3). This challenge, which was not raised in the trial court, has been forfeited.[8] (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.)

Stallworth argues in the alternative that his trial counsel's failure to object on hearsay grounds amounts to ineffective assistance of counsel. We reject this argument as well. As the People observe, Exhibit 4 is a certified record of conviction, and Stallworth's trial counsel could have reasonably believed that the entire record, including any "prior conviction, service of a prison term, or other act, condition, or event recorded by the record" was admissible under the exception to the hearsay rule set forth in Evidence Code section 452.5, subdivision (b)(1). (See *People v. Duran* (2002) 97 Cal.App.4th 1448, 1460-1461 (*Duran*) [holding that, under Evid. Code, § 452.5, subd. (b)(1), "certified records of conviction fall within the definition of official records contained in Evidence Code section 1280 (the official records exception to the hearsay rule), and are per se admissible as such"].)[9] Stallworth's trial counsel could have also reasonably believed that the conviction was admissible under the hearsay exception for admissions of a party. (Evid. Code, § 1220; see also *People v. Lee* (2011) 51 Cal.4th 620, 650-651.) Stallworth's trial counsel was not ineffective for failing to raise objections that were reasonably likely to be overruled. (*People v. Mendoza* (2000) 78 Cal.App.4th 918, 924.) With respect to the other information said to have been

---

[8] Stallworth does not challenge the merits of the trial court's ruling under Evidence Code section 352, and we decline to consider them.

[9] Stallworth argues at length that *Duran, supra,* 97 Cal.App.4th 1448 was wrongly decided. We need not reach this argument because, whatever the merits of Stallworth's challenge to *Duran*, his trial counsel could not have been ineffective for failing to raise an objection that would have been futile under existing law. (*People v. Welch* (1993) 5 Cal.4th 228, 237 ["Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence"].)

11

objectionable (the information concerning Stallworth's sentence, custody credits, and restitution fines), trial counsel could have reasonably believed that such information would have been unlikely to be meaningful to the average juror, and thus, not worth the trouble to object or redact. Trial counsel could have also reasonably believed that an extensively redacted Exhibit 4 would have been more likely to raise questions in the minds of jurors than an unredacted exhibit, and decided, for tactical reasons, that objections were better left unasserted. We therefore reject Stallworth's claims based on Exhibit 4.

2. *Exhibit 5*

Stallworth argues the trial court erred in admitting Exhibit 5, a certified copy of the minutes recording the guilty verdict in the underlying criminal action. Stallworth's trial counsel objected to Exhibit 5 as cumulative under Evidence Code section 352. The trial court overruled the objection, stating, "I understand your cumulative objection. It is saying the same thing [as other exhibits showing Stallworth's qualifying conviction]. Although it's not taking up more court time, it's providing more information and complete information on when the jury came back, the verdict is exactly the same. It's not prejudicial in any way. It's somewhat probative." We cannot say the trial court abused its discretion in admitting Exhibit 5.

Although Exhibit 5 may have been cumulative of other admitted evidence (specifically, Exhibit 4), jurors unaccustomed to court records may have found the presentation of the verdict in narrative form more accessible than a checked box on the abstract of judgment. As the trial court observed, nothing about Exhibit 5 threatened to consume undue trial time, and the presentation of the information in a different form may have been helpful to some jurors. The trial court did not abuse its discretion in admitting Exhibit 5.

Stallworth argues the trial court should have redacted portions of Exhibit 5 regarding the length of the earlier trial, and the previous jury's requests for readbacks of

12

testimony. These challenges have also been forfeited. (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.) To the extent Stallworth contends the failure to seek such redactions constituted ineffective assistance of counsel, we reject the contention. Stallworth's trial counsel could have reasonably believed that the jury would be unlikely to draw any inferences from information concerning the length of the trial or requests for readbacks, such that redactions would be unnecessary or even counterproductive, particularly insofar as they raise questions in jurors' minds about the redacted information. We therefore reject Stallworth's claims based on Exhibit 5.

3.     *Exhibit 7*

Stallworth argues the trial court erred in admitting Exhibit 7, a form recording his juvenile adjudication for violating Penal Code section 288, subdivision (a).[10] Stallworth objected to Exhibit 7 on various grounds, only one of which has been renewed on appeal. Specifically, Stallworth argued in the trial court and continues to argue on appeal that Exhibit 7 was hearsay not covered by the exception set forth in section 6600, subdivision (a)(3). The People apparently concede the inapplicability of section 6600, subdivision (a)(3), but maintain the form was admissible as a party admission under Evidence Code section 1220. We agree with the People.

Juvenile adjudications under section 602 are not criminal convictions, and thus are not admissible under section 6600, subdivision (a)(3). (§ 6600, subd. (a)(3) [establishing a hearsay exception for documentary evidence of "prior *convictions*"]; see also § 203 ["An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose . . ."]; and see *People v. Sanchez* (1985) 170 Cal.App.3d 216, 218 ["A juvenile's delinquency may consist of felony activity, but an

_____

[10] The prosecution originally sought admission of the juvenile petition against Stallworth, but the trial court excluded the pages comprising the petition from Exhibit 7 pursuant to Evidence Code section 352.

adjudication as such is not a felony conviction"].)  But an admission that allegations in a juvenile petition are true is comparable to a guilty plea (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 791), and, therefore, admissible under the exception for party admissions.  (Evid. Code, § 1220; *People v. Lee, supra,* 51 Cal.4th at pp. 650-651.)

Here, the trial court could reasonably conclude that Exhibit 7 was admissible as a party admission under Evidence Code section 1220.  Exhibit 7 contains, in the space for "Disposition Proceedings," the following notation:  "288(a) PC, Felony, sustained upon admission 1/21/88."  That notation can reasonably be construed as recording Stallworth's admission to the juvenile petition alleging lewd and lascivious acts involving a minor in violation of Penal Code section 288, subdivision (a), and was thus admissible under Evidence Code section 1220.  (*People v. Lee, supra,* 51 Cal.4th at p. 651.)

The trial court could also reasonably conclude that Stallworth's juvenile adjudication was admissible under Evidence Code section 1280, which makes admissible a writing to record an act, condition, or event if the writing "was made by and within the scope of duty of a public employee," "at or near the time of the act, condition, or event," and "[t]he sources of information and method and time of preparation were such as to indicate its trustworthiness."  (Evid. Code, § 1280, subds. (a)-(c).)  A trial court has broad discretion in determining whether these requirements have been met.  (*Martinez, supra,* 22 Cal.4th at p. 120.)  Furthermore, the trial court's ruling " 'implies whatever finding of fact is prerequisite thereto; a separate or formal finding is . . . unnecessary.' " (*Ibid*.)  "A reviewing court may overturn the trial court's exercise of discretion " ' "only upon a clear showing of abuse." ' " (*Ibid*.)  No such showing appears here.

After a minor is found to be a person described within section 601 or 602, the court must hold a hearing to take evidence on the proper disposition of the child.  (§ 706.) Exhibit 7 indicates that Stallworth appeared before the juvenile court in February 1988 and was adjudged a ward of the court subject to supervision by the probation department. On the record before us, the trial court could reasonably conclude that Exhibit 7 was "a

14

writing made by and within the scope of duty of a public employee" (Evid. Code, § 1280, subd. (a); i.e., juvenile court personnel), "as a record of an act, condition, or event" (Evid. Code, § 1280; i.e., the disposition hearing). The trial court could also reasonably rely on the presumption that the juvenile court regularly performed its official duties in the preparation of Exhibit 7 (Evid. Code, § 664), thereby establishing that the "sources of information and method and time of preparation were such as to indicate its trustworthiness" (Evid. Code, § 1280, subd. (c)). (See also *People v. Dunlap* (1993) 18 Cal.App.4th 1468, 1477 (*Dunlap*) ["a court may rely on the rebuttable presumption that official duty has been regularly performed (Evid. Code, § 664) as a basis for finding that the foundational requirements of Evidence Code section 1280 are met"].) The trial court did not abuse its discretion in admitting the juvenile adjudication. We therefore reject Stallworth's claims based on Exhibit 7.

4.    *Exhibit 9*

We reach a similar conclusion with respect to Exhibit 9, the requests for modification of orders and resulting orders in Stallworth's juvenile proceeding. Exhibit 9 contains two juvenile court records:  (1) a March 7, 1988, request by a probation officer that Stallworth be placed in a group home, together with an order granting the request dated the same day; and (2) a May 1, 1989, request that Stallworth be placed in his own care and custody, accompanied by the same probation officer's representation that Stallworth had completed residential treatment and attained the age of majority, together with an order granting the request dated the same day. Stallworth's trial counsel objected to Exhibit 9 on hearsay grounds and pursuant to Evidence Code section 352. The trial court admitted Exhibit 9 without explanation. On appeal, Stallworth argues only that the

15

trial court erred in admitting Exhibit 9 because the juvenile records are hearsay not subject to any exception.[11] We are not persuaded.

A review of the juvenile records comprising Exhibit 9 confirms that they were made by and within the scope of several public employees' duties (i.e., the probation officer, juvenile court referee, and deputy county clerk), under circumstances indicating trustworthiness of the sources of information and method of preparation. (Evid. Code, § 664.) Although the records do not reveal the dates of Stallworth's residential treatment, the trial court could reasonably infer that he commenced treatment on or after March 7, 1988, and completed treatment on or before May 1, 1989. The trial court could also reasonably infer that Stallworth's residential treatment took place over a period of weeks or months, rather than days, such that the writings could reasonably be viewed as having been prepared at or near the time of the act, condition, or event. On the record before us, the trial court could reasonably conclude that the juvenile records comprising Exhibit 9 were official records within the meaning of Evidence Code section 1280. We find no abuse of discretion in the admission of the juvenile records, and therefore reject Stallworth's claims based on Exhibit 9.

5.     *Exhibit 3*

Stallworth argues the trial court erred in failing to redact Exhibit 3, an arrest report describing the offenses underlying his qualifying conviction. Stallworth acknowledges the report was admissible pursuant to section 6600, subdivision (a)(3), but argues that certain information should have been redacted. Specifically, Stallworth argues the trial

---

[11] Stallworth argues in his reply brief that the juvenile records comprising Exhibit 9 were irrelevant and more prejudicial than probative under Evidence Code section 352. Although Stallworth offered an objection under Evidence Code section 352 in the trial court, he made no effort to develop these arguments in his opening brief, and we do not consider arguments raised for the first time in a reply brief. (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.)

16

court should have redacted: (1) an entry on a form regarding warrants and bail, (2) statements to police by the victims' mother, including a statement that one of the victims had been placed in a foster home, (3) statements to police by C. about the circumstances surrounding her decision to run away, (4) statements to police by C. about M. leaving Sacramento with a man named Sonny to work as a prostitute in Hollywood, (5) statements to police by C. about sexual experiences with persons other than Stallworth, (6) statements to police by C. about school, and (7) statements to C. by police about the decision to arrest Stallworth and the possibility that she might be required to testify against him. These challenges, too, have been forfeited. (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.)

"[I]t is settled law that where evidence is in part admissible, and in part inadmissible, 'the objectionable portion cannot be reached by a general objection to the entire [evidence], but the inadmissible portion must be specified.' " (*People v. Harris* (1978) 85 Cal.App.3d 954, 957.) Here, Stallworth's trial counsel objected to Exhibit 3 in its entirety, arguing that the arrest report as a whole was cumulative, prejudicial, and hearsay. However, when asked to identify any "specific objections" to the report, he declined to do so, stating: "We can go through it line by line if the [c]ourt wishes to, but the general overall aspect of it is, all the information in the police report is contained in the probation report. It is the same information, the same transaction and occurrence, and it's unnecessary. The jury already has the information that is contained [in the arrest report]. It's just prejudicial to be able to restate it again and again and again." This objection was not sufficient to preserve Stallworth's newly asserted challenges to Exhibit 3.

To the extent that Stallworth contends his trial counsel was ineffective for failing to request the redactions, we reject the contention. Stallworth's trial counsel could have reasonably believed that an extensively redacted arrest report would have been likely to raise more questions in the minds of jurors than the information sought be redacted, much

17

of which, Stallworth allows, "was probably incomprehensible to the jury." On the record before us, Stallworth's trial counsel could reasonably believe that, failing an effort to exclude the arrest report entirely, the report might as well be admitted in unredacted form. We therefore reject Stallworth's claims based on Exhibit 3.

6. *Exhibit 2*

Stallworth directs most of his fire to Exhibit 2, the probation report describing the offense in the underlying criminal action. Here, again, Stallworth acknowledges the probation report was admissible under section 6600, subdivision (a)(3), but argues the trial court should have made numerous redactions, only some of which were requested by trial counsel. Only one of Stallworth's numerous challenges to Exhibit 2 was preserved for review and possesses any merit.

Stallworth argues the trial court should have redacted a section of the probation report entitled "Criminal Record." We agree, to a point. The "Criminal Record" section of the probation report consists of two subsections: (1) a single paragraph discussion of Stallworth's juvenile adjudication, to which trial counsel objected, and (2) a three paragraph discussion of Stallworth's adult record to date, to which no objection was made.[12] The trial court erred in failing to redact the discussion of Stallworth's juvenile adjudication.

Stallworth's trial counsel objected to the discussion of the juvenile adjudication in the probation report on the grounds that juvenile offenses are not predicate offenses under

_____

[12] That discussion notes that Stallworth was convicted of felony vehicle theft in 1989 (Veh. Code, § 10851) and placed on five years formal probation. He was charged with spousal abuse (Pen. Code, § 273.5) and willful cruelty to a child (Pen. Code, § 273, subd. (a)) in 1991, following an argument in which he struck his girlfriend in the face as she was holding their child. He was then placed on probation again. He was subsequently cited for various misdemeanor vehicle offenses (Veh. Code, §§ 12500, subd. (a), 4000, subd. (a)). According to the report, Stallworth failed to appear in traffic court and a bench warrant was issued for his arrest.

18

the SVPA. We understand trial counsel's objection to encompass an objection that juvenile offenses are not covered by the hearsay exception set forth in section 6600, subdivision (a)(3). The trial court overruled the objection, referring to its earlier ruling admitting Exhibit 7. This was error. As previously discussed, Exhibit 7 was not admissible under section 6600, subdivision (a)(3), which establishes an exception for documentary evidence of "prior convictions." (See *People v. Sanchez, supra,* 170 Cal.App.3d at p. 218 [a juvenile adjudication is not the same as a conviction].) Rather, Exhibit 7 was admissible as a party admission under Evidence Code section 1220 or an official record under Evidence Code section 1280. (See section C.3, *ante*.) No similar admission appears on the face of the probation report, and we cannot say the report constitutes an official record of the juvenile adjudication within the meaning of Evidence Code section 1280. The trial court erred in failing to redact the discussion of the juvenile adjudication from the probation report.[13]

No objection was made to the report's discussion of Stallworth's adult record. We consider trial counsel's failure to object to the discussion of Stallworth's adult record momentarily, after we have considered his other "preserved" claims (all of which have actually been waived or forfeited).

Stallworth argues the trial court should have redacted a sentence in the probation report stating that M. "had been taken to the Hollywood, California area by friends of the defendant's and placed into a juvenile prostitution ring where she earned approximately $1,000.00 a night, which she in turn gave to her 'pimp.' " Stallworth's trial counsel objected to this sentence as prejudicial and inflammatory under Evidence Code section 352. The trial court redacted the sentence to delete the words, "by friends of the

---

[13] We discuss the question of prejudice *post*.

defendant's," thereby eliminating the connection to Stallworth.[14]  On appeal, Stallworth argues the sentence was hearsay not subject to any exception.  This objection was not raised in the trial court and was therefore forfeited.  (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.)  Stallworth does not challenge the trial court's ruling under Evidence Code section 352, and we decline to consider it.

Stallworth argues the trial court should have redacted a statement by the victims' mother in which she expressed anger that Stallworth appeared to take no responsibility for harming her daughters.  Stallworth's trial counsel objected to the statement as hearsay.  The trial court overruled the objection.  On appeal, Stallworth argues the statement was inadmissible because "it did not describe the qualifying crimes" and "was nothing but opinions."  We understand Stallworth to argue that the mother's statement was hearsay not subject to the exception set forth in section 6600, subdivision (a)(3), because the statement was not specifically related to the offense giving rise to his qualifying conviction.  (See *People v. Burroughs, supra,* 6 Cal.App.5th at p. 411.)  But Stallworth's trial counsel did not articulate this argument in the trial court.  Instead, trial counsel offered only a general hearsay objection, which was not sufficient to alert the trial court or prosecution to the claim that the statement was not covered by section 6600, subdivision (a)(3) because not related to Stallworth's qualifying conviction.  This claim, too, is forfeited.  (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.)

Stallworth argues the trial court should have redacted a section of the probation report entitled "Probation Officer's Conclusions," which describes the offenses giving rise to his qualifying conviction, his other criminal history (including the juvenile adjudication), and the probation officer's determination that he was not eligible for

---

[14] The redacted sentence thus stated that M. "had been taken to the Hollywood, California area and placed into a juvenile prostitution ring where she earned approximately $1,000.00 a night, which she in turn gave to her 'pimp.' "

probation but should instead be sentenced to an aggregate term of 10 years in state prison. Stallworth's trial counsel objected to this section as hearsay not subject to any exception, irrelevant, and cumulative. The trial court overruled the objection. On appeal, Stallworth challenges another section of the probation report (to which there was no objection in the trial court), and then concludes, in perfunctory fashion: "Even if the probation report was otherwise admissible, this part of it was completely inadmissible. The same is also true for the report's conclusions." This last sentence comprises the sum total of Stallworth's argument with respect to the probation officer's conclusions. We understand Stallworth to argue, again, that the discussion of the juvenile adjudication was inadmissible as hearsay, an argument we have already accepted. To the extent Stallworth intends to advance any other argument, we treat the argument as waived. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 [when an appellant asserts a point " 'but fails to support it with reasoned argument and citations to authority, we treat the point as waived' "].)

We now turn to Stallworth's numerous forfeited claims. Stallworth argues other portions of the probation report should have been redacted, including: (1) the discussion of his adult record in the "Criminal Record" section of the report, (2) a section entitled "Trial Information," which states that M. and C. were "extremely traumatized" over their ordeal with Stallworth and notes that he was a member of a rap group known for a song about forcible oral copulation, (3) a section entitled "Summary of Violation," which discusses Stallworth's violation of probation, (4) a section entitled "Defendant's Statement," which indicates that Stallworth believes he was a victim of mistaken identity, (5) a section entitled "Victim Notification," which indicates that the victims' family members had been notified of all sentencing proceedings (Pen. Code, §§ 1191.1 and 1191.2), (6) a section entitled "Social History," which includes information derived from Stallworth's probation and jail records, and (7) a section entitled "Applicable Rules of Court," which includes the probation officer's analysis of circumstances in aggravation

21

and circumstances in mitigation. No objection was raised to any of these portions of the report, and we conclude Stallworth has forfeited any appellate claim thereon. (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.)

To the extent Stallworth contends his trial counsel was ineffective for failing to request redactions of the above referenced sections of the report, we reject the contention. With respect to the report's discussion of Stallworth's adult record, trial counsel could have reasonably believed that most of Stallworth's uncharged offenses were not worth redacting because they were immaterial to the SVP inquiry (e.g., felony vehicle theft and misdemeanor vehicle offenses), extensive redactions would have invited juror speculation, and the discussion of the argument with his girlfriend useful for giving context to the spousal abuse conviction (which had already been admitted by way of Exhibit 4). Trial counsel did not render ineffective assistance in failing to object to the probation report's discussion of Stallworth's adult record.

Stallworth's trial counsel could have also reasonably believed that an objection to the section entitled "Trial Information" would have been unlikely to succeed, given the relevance of the information to Stallworth's qualifying conviction. Trial counsel was not ineffective for failing to make an objection that would likely be overruled. (*People v. Mendoza, supra,* 78 Cal.App.4th at p. 924.) Stallworth's trial counsel could have also reasonably believed there was no tactical advantage in seeking extensive redactions to the probation report, since much of the information was cumulative of information from other properly admitted sources (e.g., the sections entitled "Summary of Violation" and "Social History"), not incriminating (e.g., the section entitled "Defendant's Statement"), or unlikely to be meaningful to jurors (e.g., the sections entitled "Victim Notification" and "Applicable Rules of Court"). On the record before us, we cannot say that trial counsel's failure to request a laundry list of inconsequential redactions constituted ineffective assistance of counsel. With the exception of his preserved challenge to the

22

probation report's discussion of the juvenile adjudication (which we take up again *post*), we reject Stallworth's challenges to Exhibit 2.

7.     *Exhibit 6*

Stallworth argues the trial court erred in admitting Exhibit 6, the certified copy of a prison packet from the Department of Corrections (Pen. Code, § 969b).  The prison packet includes:  (1) a three-page "chronological history" containing abbreviated handwritten notes reflecting Stallworth's time in custody, (2) a computer printout reflecting Stallworth's qualifying conviction, sentence, and custody credits, (3) a copy of the abstract of judgment (Exhibit 4), (4) a copy of Stallworth's fingerprint card, (5) a computer printout recording dates of delivery and discharge (presumably in connection with Stallworth's incarceration), and (5) a copy of a photograph of Stallworth. Stallworth's trial counsel objected to Exhibit 6 as a whole as cumulative.  The trial court overruled the objection.

On appeal, Stallworth acknowledges that portions of the prison packet (namely, the abstract of judgment and computer printout reflecting the qualifying conviction) were admissible (though cumulative), but argues the trial court should have redacted other portions as hearsay not subject to any exception and irrelevant.  Specifically, Stallworth argues the trial court should have redacted: entries on the abstract of judgment and computer printout reflecting his conviction for spousal abuse, the chronological history, the computer printout reflecting dates of delivery and discharge, and copies of the fingerprint card and photograph.  None of these claims were raised in the trial court. Accordingly, they, too, have been forfeited.  (See Evid. Code, § 353; *Partida, supra,* 37 Cal.4th at p. 435.)

To the extent Stallworth contends his trial counsel was ineffective for failing to request redactions of the above-referenced information, we reject the contention.  As even Stallworth acknowledges, much of the information in the prison packet (e.g., the abstract of judgment and computer printout reflecting the qualifying conviction) was

23

cumulative of other properly admitted information. The rest of the information was likely not meaningful to a layperson (e.g., the chronological history), inconsequential (e.g., the computer printout recording dates of delivery and discharge), or concededly harmless (e.g., the fingerprint card and photograph). We cannot say that trial counsel's failure to seek redactions of this information amounted to ineffective assistance. Accordingly, we reject all of Stallworth's challenges to Exhibit 6.

8.     *Exhibit 8*

Finally, Stallworth argues the trial court erred in admitting Exhibit 8, the certified CLETS rap sheet. The CLETS rap sheet discloses Stallworth's juvenile adjudication and qualifying conviction, as well as his convictions for attempted lewd and lascivious acts involving a child under the age of 14 and spousal abuse. The CLETS rap sheet also discloses other arrests and convictions, including a juvenile drug arrest (Health & Saf. Code, § 11351.5) and an adult conviction for vehicle theft (Veh. Code, § 10851). Much of this information was also contained in other exhibits, including the discussion of Stallworth's criminal record in the probation report (Exhibit 2), to which only a partial objection was made.

Stallworth's trial counsel objected to the CLETS rap sheet as hearsay and more prejudicial than probative under Evidence Code section 352. The trial court overruled the objections without explanation. On appeal, Stallworth argues Exhibit 8 was inadmissible as hearsay not covered by the exceptions set forth in section 6600, subdivision (a)(3) or Evidence Code section 452.5, subdivision (b)(1).[15] The People direct our attention to *Martinez, supra,* 22 Cal.4th 106. We conclude that *Martinez* is controlling.

Our Supreme Court considered the admissibility of an uncertified CLETS rap sheet in *Martinez.* There, the prosecution offered the uncertified CLETS rap sheet to

---

[15]  Stallworth does not reassert his Evidence Code section 352 objection on appeal.

prove that the defendant had served prior prison terms. (*Martinez, supra,* 22 Cal.4th at p. 113.) The trial court found the rap sheet admissible under Evidence Code section 1280, and our high court agreed. (*Id.* at pp. 112-113.)

To satisfy the official records requirement that the writing was made at or near the time of the act, condition, or event (Evid. Code, § 1280, subd. (b)), the *Martinez* court relied on statutes requiring law enforcement agencies to report criminal proceedings to the Department of Justice (Department) and requiring the Department to provide information on request within certain time limits. (*Martinez, supra,* 22 Cal.4th at pp. 121-125 [collecting statutes]; see also *People v. Morris* (2008) 166 Cal.App.4th 363, 371-372.) To satisfy the requirement that the writing was made by and within the scope of duty by a public employee (Evid. Code, § 1280, subd. (a)), the *Martinez* court relied on the presumption that "official duty has been regularly performed." (Evid. Code, § 664; *Martinez, supra,* at p. 125.) As to the trustworthiness requirement, the *Martinez* court relied, again, on the reporting and recording statutes, as well as the testimony of a deputy sheriff that the defendant, during a conversation with her, did not deny the accuracy of information consistent with the CLETS rap sheet. (*Martinez, supra,* at p. 131.) Following *Martinez,* we conclude Exhibit 8 was admissible under Evidence Code section 1280. (See also *People v. Morris, supra,* at p. 367 ["CLETS rap sheets have been found to be admissible under the public records exception to the hearsay rule (Evid.Code, § 1280)"].)

Stallworth resists this conclusion, arguing the CLETS rap sheet contains information regarding arrests that did not result in convictions (including juvenile arrests for possession of cocaine base for sale (Health & Safety Code, § 11351.5) and sodomy upon a child (Pen. Code, § 286, subd. (b)(1)), and convictions having no obvious bearing on the SVP inquiry (including a conviction for vehicle theft (Veh. Code, § 10851)). Stallworth does not argue that such information would have been recorded or reported differently by law enforcement agencies, such that reliance on the certified CLETS rap

25

sheet would be unwarranted. We therefore conclude that the trial court did not abuse its discretion in admitting Exhibit 8.

We are sensitive to the claim, implied by some of Stallworth's arguments, that evidence of arrests and nonqualifying convictions may be more prejudicial than probative under Evidence Code section 352. (See *People v. Ewoldt* (1994) 7 Cal.4th 380, 404 ["Evidence of uncharged offenses 'is so prejudicial that its admission requires extremely careful analysis' "].) However, as Stallworth does not expressly raise that argument, we have no occasion to consider it. We therefore reject Stallworth's claims based on Exhibit 8.

D.     *Prejudice*

The final issue we consider is prejudice. We begin and end with the single paragraph discussion of the juvenile adjudication in the probation report (Exhibit 2), the only meritorious claim of error among the many asserted by Stallworth.

We evaluate a claim of prejudice from the erroneous admission of non-testimonial hearsay under the state law standard set forth in *People v. Watson, supra*, 46 Cal.2d at p. 836. Under that standard, reversal is not warranted unless it is reasonably probable defendant would have obtained a more favorable outcome had the inadmissible hearsay been excluded. (*Ibid.*) It is defendant's burden to show prejudice. (*People v. Hernandez* (2011) 51 Cal.4th 733, 746.) Stallworth fails to carry this burden.

Rather than address specific exhibits or portion of exhibits, Stallworth argues generally that he would have achieved a more favorable result had any and all evidence of the juvenile adjudication been excluded. We have no difficulty with the idea that things might have gone better for Stallworth had the jury heard nothing about the juvenile adjudication. But the juvenile adjudication was already before the jury by way of Exhibits 7 and 9, both of which were properly admitted. Stallworth does not make any effort to explain how he could have been prejudiced by the erroneous admission of the discussion of the juvenile adjudication in Exhibit 2, when the same information, so far as

26

Stallworth contends, was already before the jury through properly admitted Exhibits 7 and 9, and we decline to develop such arguments for him. Because we find harmless the trial court's error in admitting the discussion of the juvenile adjudication in the probation report, we also conclude there is no basis for Stallworth's contention his due process right to a fair trial was violated.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

DUARTE, J.